**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000681
25-FEB-2019
08:07 AM**

NO. CAAP-16-0000681

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
DONALD NICOL, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 14-1-1642)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

This case is before us on remand from the Hawaiʻi Supreme Court. State v. Nicol, 140 Hawaiʻi 482, 403 P.3d 259 (2017). Defendant-Appellant Donald Nicol (Nicol) appeals from the "Order Granting in Part and Denying in Part Defendant Donald Nicol's Motion to Dismiss Indictment with Prejudice" filed on September 16, 2016, in the Circuit Court of the First Circuit (circuit court).[1]

On October 14, 2014, Nicol was charged by indictment with: Counts 1-4, Sexual Assault in the First Degree, in violation of Hawaii Revised Statutes (HRS) § 707-730(1)(b) (Supp. 2013); Counts 8-11, Sexual Assault in the Second Degree, in

---

[1]     The record reflects that the Honorable Dexter D. Del Rosario was initially assigned to preside over the proceedings. Following Judge Del Rosario's recusal on October 21, 2015, the Honorable Colette Y. Garibaldi was assigned to preside over the proceedings, with the exception of the motion to dismiss proceeding, which was held before the Honorable Paul B.K. Wong.

violation of HRS § 707-731(1)(a) (Supp. 2013); and Counts 12 and 13, Sexual Assault in the Fourth Degree, in violation of HRS § 707-733(1)(a) (Supp. 2013).[2] After several continuances of trial due to various reasons, certain periods for which Nicol waived his right to a speedy trial, the circuit court dismissed the case without prejudice pursuant to Hawaiʻi Rules of Penal Procedure (HRPP) Rule 48 (2000) and the three-factor test set forth in State v. Estencion, 63 Haw. 264, 625 P.2d 1040 (1981).

On appeal, Nicol argues that the circuit court abused its discretion in dismissing this case without prejudice, rather than with prejudice, because the circuit court "based its conclusions upon a clearly erroneous finding that court congestion caused the delay."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm the circuit court's dismissal of this case without prejudice.

A criminal defendant may move to dismiss the charges if trial is not commenced within six months from the arrest or filing of the charge. HRPP Rule 48(b). Dismissal of charges for a violation of HRPP Rule 48 is mandatory. Here, both parties agree that the case was properly dismissed based on the calculation of the time for trial commencement. The question before us is whether the dismissal should have been with or without prejudice. This is a matter that lies within the discretion of the trial court. HRPP Rule 48(b) ("[T]he court shall, on motion of the defendant, dismiss the charge, with or without prejudice *in its discretion* . . . ." (emphasis added)). We review a trial court's decision to dismiss a case with or without prejudice for abuse of discretion. See Estencion, 63 Haw. at 269, 625 P.2d at 1044. An abuse of discretion occurs

---

[2]    The indictment also reflects three additional counts of sexual assault in the first degree that were stricken. One of the second-degree sexual assault counts (Count 10) was also subsequently dismissed by the circuit court in its order dated April 13, 2015.

when "the decisionmaker 'exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party.'" State v. Kony, 138 Hawaiʻi 1, 8, 375 P.3d 1239, 1246 (2016) (quoting State v. Vliet, 95 Hawaiʻi 94, 108, 19 P.3d 42, 56 (2001)).

In determining whether to dismiss the charges with or without prejudice pursuant to HRPP Rule 48, the Hawaiʻi Supreme Court adopted the following language of the Federal Speedy Trial Act:

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and the circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

Estencion, 63 Haw. at 269, 625 P.2d at 1044 (quoting Federal Speedy Trial Act, 18 U.S.C.A. § 3162(a)(1) (1969 & Supp. 1980)). In the instant case, only the second and third factors are in contention.

The circuit court, in dismissing the case without prejudice, issued the following findings of fact regarding the continuances of trial during periods for which Nicol did not waive his applicable Rule 48 rights:

> 5. Based upon the Court's *scheduling conflicts*, the trial in this case was continued from January 19, 2016, to April 25, 2016.
> 6. A further Trial Call was held on April 19, 2016, at which time both parties indicated that they were ready for trial for the week of May 2, 2016, which was the first available trial date after the scheduled week of April 25, 2016. However, in order to *facilitate scheduling* and avoid a disjointed jury selection process, the parties agreed to begin trial on May 9, 2016.
> 7. Another Trial Call was held on April 25, 2016, at which time the Court continued the trial in this case due to its *scheduling conflicts*. The trial was continued from May 9, 2016, to July 6, 2016.

(Emphasis added). The circuit court also issued the following conclusions of law regarding the Estencion factors:

> 8. With respect to the facts and circumstances of the case which led to the dismissal, this Court concludes that the violation of HRPP Rule 48 was caused by court congestion. The diligence of the State is not in question in this case, as the State did not seek and/or obtain any continuance of trial over Defendant's objection. State v.

3

Nihipali, 64 Haw. 65, 69, 637 P.2d 407, 411 (1981).
        9.  Defendant will suffer prejudice from reprosecution
of the instant allegations, including added stress and
financial expenses from a continued defense against the
charges.  However, reprosecution will allow these serious
charges to be decided substantively and on the merits.  In
Re Blaisdell, 125 Hawai'i 44, 50, 252 P.3d 63, 69 (2011).

Findings of the trial court will not be disturbed unless clearly erroneous.  State v. Eastman, 81 Hawai'i 131, 139, 913 P.2d 57, 65 (1996).  "A finding of fact is clearly erroneous when (1) the record lacks substantial evidence to support the finding, or (2) despite substantial evidence in support of the finding, the appellate court is nonetheless left with a definite and firm conviction that a mistake has been made."  State v. Okumura, 78 Hawai'i 383, 392, 894 P.2d 80, 89 (1995) (citation omitted).

In granting Nicol's motion to continue trial week and setting trial for January 18, 2016, the circuit court reasoned as follows:

> THE COURT: I cannot accommodate the September and October trial.  During September and October I have one murder case, two attempt murder cases and two Sex Assault in the First Degree cases all in two months.  The murder cases I anticipate will take at least two weeks.  Given the length of this case, to squeeze this in between two murder cases I think is too difficult.
>
> . . . .
>
> THE COURT: -- and rather than trying to juggle it between trials.  And, for example, a murder case might run into this case and then push you back and that will mess up your expert's schedule.  It would create unnecessary stress to try to squeeze this in between big cases.
> And I have many big cases.  Just as an example, I have -- there's 32 weeks from now to December, I have 126 cases.  Just August alone I have 23 cases.  August I also have an attempted murder case and two firm sex assault cases.  So assuming I get 15 cops on the other 20, I haven't been assigned cases yet from A and P, I'm still going to have to move those five cases.  Every month it's like that.  So it's kind of a juggling thing.
>
> . . . .
>
> THE COURT: I want to make this clear to the lawyers out here.  I figured out this morning we've got seven trial judges, seven, doing all the criminal cases on Oahu.  We have over 950,000 people on Oahu.  Okay?  An example, we get four trial judges on the Big Island, they get less than 200,000 people.  We get four on Maui, they get 150,000.  We have 500,000 more people and they gave use three more judges.  Okay?

At the further trial call on January 8, 2016, the circuit court

made the following statements in continuing the trial date:

> THE COURT: . . . the Court has indicated that it is currently, *because of its schedule*, unable to proceed with Mr. Nicol for the trial week of January 19th. Rule 48 is May 3rd, and after consulting and discussions with counsel, the Court is setting this firm for the trial week of April 25, 2016.

(Emphasis added). At trial call on April 19, 2016, the circuit court again continued the trial, explaining that it would still be in trial on the week of April 25th and that the first two weeks in May would be "problematic" for the court. To facilitate scheduling and prevent a disjointed jury selection, the parties agreed to set the trial week to May 9, 2016. Finally, at the further trial call on record on April 25, 2016, the circuit court continued the trial over the objection of both parties and reasoned as follows:

> THE COURT: Now, this is a further trial call -- you can remain seated -- and we were firm set, however, we were firm to start this week. And since that time that we've set this matter firm, there are a number of other circumstances that have affected this Court's calendar, including the way the present case is currently proceeding. And the Court actually can't reliably predict when that case currently going on is actually going to be completed since there have been unexpected events occurring. And I anticipate there will be more.
> As well, the Court's trial assignment, or assignment, is actually changing as of July 1st, and my staff and I both need have to be trained as well, and I am being sent for training as well. So that being said, despite the fact that both sides are ready, the Court is going to continue this matter clearly before August.
> . . . .
> THE COURT: Just for the record, additionally, the Court does have another jury that it must select and complete during the month of June as well, anticipating that how long might last, Mr. Nicol's case as well as the current case, out of caution, given the time that's running, the Court is going to continue over the objection of both the State and defense.

The circuit court's finding that court congestion was the cause of the Rule 48 violation was clearly supported by evidence in the record. Accordingly, the circuit court's finding was not clearly erroneous and the resulting conclusions of law were also correct.

Nicol appears to argue that for court congestion to be an acceptable reason for delay, and therefore an acceptable

reason for the court to dismiss the case with prejudice, the congestion must have been due to exceptional circumstances. We disagree. The inquiry into whether court congestion was due to exceptional circumstances is not applicable to the court's determination of whether a dismissal of the case should be with or without prejudice. Rather, the inquiry is only applicable in determining the time periods to exclude in calculating delay for purposes of determining whether to dismiss the case. The cases cited by Nicol are telling on this point. See State v. Lord, 63 Haw. 270, 272, 625 P.2d 1038, 1040 (1981) ("[W]e hold that the court's congestion was caused by exceptional circumstances, and the court was justified to exclude the period of delay."); State v. Herrera, 63 Haw. 405, 407-09, 629 P.2d 626, 628-29 (1981) (holding that it was proper for the trial court to find that delay of appellants' trial resulted from congestion in the trial docket, congestion was attributable to exceptional circumstances, and the delay was therefore excludable in computing the time for trial commencement); State v. Kahawai, 9 Haw. App. 205, 211, 831 P.2d 936, 940 (1992) (holding that delay due to chronic court congestion was not due to exceptional circumstances and was therefore not excludable under HRPP Rule 48(c)(2)); People v. Engram, 50 Cal. 4th 1131, 1163, 240 P.3d 237, 258, 116 Cal. Rptr. 3d 762, 787-88 (2010) (holding that unavailability of a judge or courtroom within speedy trial period was not good cause for refusing to dismiss the proceeding under the speedy trial statute). As mentioned *supra*, the parties agree that the case was properly dismissed. Therefore, we need not inquire into whether the court congestion was due to exceptional circumstances in this case.

We also note that Nicol was not incarcerated during the delay and fails to identify any prejudice in the form of impairment to his defense. Based on the record before us, we conclude that the circuit court sufficiently applied relevant considerations within its analysis of each Estencion factor. We therefore conclude that the circuit court did not abuse its

6

discretion in dismissing the charges without prejudice.

For the foregoing reasons, we affirm the Order Granting in Part and Denying in Part Defendant Donald Nicol's Motion to Dismiss Indictment With Prejudice, filed September 16, 2016, in the Circuit Court of the First Circuit.

DATED:  Honolulu, Hawaiʻi, February 25, 2019.

On the briefs:

Brook Hart and
Chad N. Enoki
(Law Offices of Brook Hart)
for Defendant-Appellant.

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge